COMMONWEALTH of Pennsylvania,
Appellee,

v.

Robert K. BARGER, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 8, 1999.
Filed Dec. 13, 1999.

Brian D. Aston, Greensburg, for appellant.

Judith P. Petrush, Asst. Dist. Atty., Greensburg, for Com., appellee.

Before McEWEN, President Judge, and DEL SOLE, KELLY, POPOVICH, JOHNSON, FORD ELLIOTT, EAKIN, JOYCE and STEVENS, JJ.

JOYCE, J.:

¶ 1 Robert K. Barger, Appellant, appeals from the judgment of sentence entered on February 7, 1997, as made final by the denial of post sentencing motions.[1] For the following reasons, we affirm. Before addressing the merits of this appeal, we recount the pertinent facts and procedural history of this case.

¶ 2 Appellant's case stems from events occurring in 1994 and 1995. During this period, the victim, M.C., resided with her mother and her stepfather, Appellant. N.T. Trial, 12/9–10/96, at 58. In June of 1994, when the victim was fifteen (15) years old, Appellant entered her bedroom at two or three a.m., laid down beside her and pressed his body against hers. *Id.* at 60. Appellant touched M.C.'s breasts, beneath her clothing, with his hands and placed his fingers inside of her vagina. When the victim tried to say no, Appellant covered her mouth. *Id.* at 61. The victim testified that, "[I was] [s]cared. I didn't know what to do, I didn't know if anybody would believe me if I told them." *Id.* at 62.

---

1. *See Commonwealth v. Chamberlain,* 442 Pa.Super. 12, 658 A.2d 395, 397 (1995), *appeal quashed,* 543 Pa. 6, 669 A.2d 877 (1995) and Pa.R.Crim.P. 1410 and comment thereto (providing that judgment of sentence becomes final for purposes of appeal when the trial court disposes of defendant's post-sentencing motion).

¶ 3  Appellant repeated this activity approximately every other week for a year until he temporarily moved out of the residence in June of 1995. *Id.* at 63, 66 and 69. In each instance, Appellant would enter her bedroom in the early morning, touch her breast and place his finger inside her vagina. *Id.* at 63. M.C. explained that on every occasion, she could smell the odor of alcohol on his breath and occasionally could smell the odor of marijuana on his person. *Id.*, at 65 and 67.

¶ 4  The first time M.C. told anyone of these events was in the summer of 1995. *Id.* at 69. She told her cousin that very strange things were happening and that she was afraid of Appellant. *Id.* at 70. She also made the cousin promise not to tell anyone. *Id.* In November of 1995, the victim told her boyfriend everything that had occurred between her and Appellant, and made him promise not to tell anyone. *Id.* at 71. M.C. did not want her cousin or boyfriend to repeat the story because she was afraid that if it got back to Appellant, she would get hurt and that nobody would believe her because she had waited so long to say anything. *Id.*

¶ 5  In January of 1996, the victim told her guidance counselor that, "things were happening and that things did happen, . . . he had touched me and stuff . . . and I told her to go ahead and do what she had to do so I can get this fixed." *Id.* at 71–72 and 159. The guidance counselor proceeded to contact the Children's Bureau who then notified the police. *Id.* As a result of this information, Appellant was arrested and charged with various offenses arising out of his sexual assaults of M.C.[2]

¶ 6  During the course of the trial, the Commonwealth offered testimony regarding acts of assault and physical abuse committed by Appellant against M.C. and her mother which had occurred prior to and concurrent with the incidents for which Appellant was charged.[3] The trial court admitted this testimony, ruling that Appellant's prior acts of assault toward M.C. and her mother were relevant to establish the reasons why the victim offered no physical resistance to Appellant and delayed in reporting the incidents. On December 10, 1996, a jury found Appellant guilty of aggravated indecent assault,[4] indecent assault[5] and corruption of minors.[6] Thereafter, he was sentenced to three (3) to six (6) years' imprisonment.[7]

¶ 7  Trial counsel filed a post-sentence motion and then withdrew his appearance. New counsel, Brian Aston, Esquire, was appointed and filed an amended post-sentence motion.[8] Following an evidentiary hearing, the trial court denied Appellant's post sentence motion. Appellant timely appealed.

¶ 8  Appellant presents the following issues for our review: (1) whether the trial court abused it's discretion in permitting the Commonwealth to introduce evidence that Appellant had assaulted his wife on previous occasions; (2) whether the trial court abused it's discretion in admitting evidence concerning Appellant's prior assaultive behavior towards M.C.; (3) whether the trial court erred in failing to issue a

2.  Appellant was charged and found guilty under the former versions of 18 Pa.C.S.A. § 3125 and § 3126. We note that these sections were amended. *See* Act of March 31, 1995, P.L. 985, No. 10, § 9, effective in 60 days. Unless otherwise noted, all references will be to the prior version.

3.  M.C.'s mother had sought a Protection from Abuse Order as a result of the abuse directed towards her by Appellant. Appellant was also charged with simple assault for pushing M.C. and attempting to burn her with a cigarette. N.T. Trial, 12/9–10/96, at 75 and 140. The disposition of these charges was not revealed at trial. *Id.*

4.  18 Pa.C.S.A. § 3125(1).

5.  18 Pa.C.S.A. § 3126(a)(1).

6.  18 Pa.C.S.A. § 6301(a).

7.  Attorney Jeffrey Monzo represented Appellant at trial.

8.  Attorney Aston has continued to represent Appellant in this appeal.

cautionary instruction with respect to the prior bad acts evidence; and (4) whether trial counsel was ineffective for failing to call Appellant's mother to testify.

¶ 9 We will address the first two issues together because they both relate to the admissibility of prior bad acts evidence. As our Supreme Court has stated, the admissibility of evidence is a matter directed to the discretion of the trial court and may be reversed only upon a showing that the court abused its discretion. *Commonwealth v. Richter*, 551 Pa. 507, 512, 711 A.2d 464, 466 (1998). Additionally:

> [E]vidence of other crimes may be admitted where there is a legitimate evidentiary purpose for such evidence. . . . Some of the exceptions recognized . . . as legitimate bases for admitting [such evidence] include, but are not limited to, (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design . . . ; (5) to establish the identity of the person charged with the commission of the crime on trial . . . ; (6) to impeach the credibility of a defendant who testifies . . . ; (7) situations where a defendant's prior criminal history had been used by him to threaten and intimidate the victim. . . .

*Commonwealth v. Mayhue*, 536 Pa. 271, 297, 639 A.2d 421, 434 (1994) (citation omitted). Evidence of prior bad acts generally are not admissible if offered merely to show bad character or a propensity for committing bad acts. *Richter*, 551 Pa. at 512, 711 A.2d at 466.

¶ 10 In admitting Appellant's prior assaultive acts, the trial court relied upon *Commonwealth v. Claypool*, 508 Pa. 198, 495 A.2d 176 (1985) and this Court's decision in *Commonwealth v. Richter*, 450 Pa.Super. 383, 676 A.2d 1232 (1996).[9] Both *Claypool* and *Richter* upheld the admission of evidence relating to the defendants' prior criminal acts, reasoning that

the evidence was relevant to prove an element of the crime of rape, namely forcible compulsion or threat thereof. *Claypool*, at 179; *Richter* at 467. Appellant asserts that these cases are distinguishable from the case at bar because force or threat of force was not an element of the crimes with which Appellant was charged. Appellant's Brief at 15. Accordingly, Appellant argues that the Commonwealth has failed to demonstrate any logical connection between Appellant's assaultive behavior and the sexual assaults. *Id.* We find Appellant's reasoning to be in error.

¶ 11 Contrary to Appellant's assertions, the evidence was relevant insofar as it pertained to the victim's failure to promptly report the crimes. With regard to this issue, our Supreme Court has held:

> [T]he lack of a prompt complaint is a factor to be considered by a juror in cases involving sexual offenses. . . . [A] prompt complaint is a factor which must be assessed with all of the other pertinent evidence bearing upon the question of the credibility of the complaining witness. . . . [T]he question of the sincerity of the complaint is raised if it is established that the delay under all of the factors present was either unreasonable or unexplained. . . . [T]he inference of insincerity is only justified where the facts of the case fail to disclose a reasonable explanation for the challenged time lapse prior to the complaint.

*Commonwealth v. Lane*, 521 Pa. 390, 398, 555 A.2d 1246, 1250 (1989) (citation omitted).

¶ 12 During cross examination and closing, trial counsel attempted to cast doubt on the reliability and sincerity of M.C.'s testimony by establishing that the victim had many opportunities to tell someone her story and never did, until she finally broke her silence after one and a half years. N.T. Trial, 12/9–10/96, at 81,

---

9. We note that the trial court did not have the benefit of our Supreme Court's discussion

and analysis of the issues in *Richter*.

85, 87, 173 and 176–177. Thus the prior bad acts were relevant to help explain victim's failure to make a prompt complaint.

¶ 13  In the present case, although it is lack of consent and not forcible compulsion that the Commonwealth must prove, given Appellant's past history of physically abusive conduct towards the victim and her mother, his earlier actions were intimidating and threatening to the victim. She testified to a domestic situation in which both her and her mother were physically threatened and abused. The psychological coercion created by Appellant thus facilitated the repeated indecent assaults by intimidating the victim into silence. Other than the victim's initial attempt at objection, which was squelched when Appellant covered her mouth with his hand, the victim's failure to protest or resist could only be described by reference to the climate within the household.

¶ 14  The prior abusive conduct speaks louder than words and was used to compel the victim to participate in the assaults without her consent. *See Commonwealth v. Richter*, 551 Pa. at 513, 711 A.2d at 466–467 (finding that although appellant made no threatening or intimidating statements, his prior acts of physical abuse intimidated and threatened the victim, thus evidence of appellant's prior intimidation was admissible to prove forcible compulsion or threat of forcible compulsion where the victim testifies she did not consent to the act of intercourse). Therefore, evidence of Appellant's prior abusive and intimidating behavior directed at victim and victim's mother were properly admitted to prove M.C.'s lack of consent to Appellant's sexual contact with her. *Id.*

¶ 15  Furthermore, our failure to allow the admission of such prior abusive and intimidating acts would, in essence, grant immunity to criminals who, like Appellant here, have intimidated the victim with physical abuse. *Richter*, 551 Pa. at 513, 711 A.2d at 467. Additionally, our failure to allow admission of such evidence would

prevent victims of such crimes from presenting evidence to help explain their failure in making a prompt complaint. Such a scenario would improperly give rise to an inference of insincerity from a victim because of an inability to explain any delay in reporting such activity. Accordingly, the trial court did not commit an abuse of discretion by admitting this evidence.

¶ 16  Appellant next asserts that the trial court erred when it failed to give cautionary instructions to the jury concerning Appellant's prior abusive behavior. Recognizing that evidence of prior criminal acts has the potential to create misunderstanding on the part of the jury, such evidence must be accompanied by a cautionary instruction explaining to the jury the limited purpose for which that evidence has been admitted. *Richter*, 551 Pa. at 513, 711 A.2d at 467. By failing to object to the jury charge at trial, and by failing to request a specific instruction, Appellant has waived this issue. *Commonwealth v. Corley*, 432 Pa.Super. 371, 638 A.2d 985, 990 (1994); Pa.R.Crim.P. 1119(b). Accordingly, no relief is due.

¶ 17  Appellant's final argument is that trial counsel was ineffective for failing to call Appellant's mother to testify. The law presumes that trial counsel was effective. *Commonwealth v. Baez*, 554 Pa. 66, 111, 720 A.2d 711, 733 (1998). To obtain relief on a claim of ineffective assistance of counsel, Appellant must establish: (1) that there is arguable merit to the underlying claim; (2) that counsel's performance had no reasonable basis; and (3) that counsel's ineffectiveness worked to Appellant's prejudice. *Id.* Counsel's stewardship is deemed constitutionally effective if the particular path chosen by counsel was reasonably designed to effectuate the client's interest. *Id.*

¶ 18  When a defendant charges ineffectiveness of counsel for failure to call a witness, he or she must show that: (1) the witness existed; (2) the witness was

available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness was so prejudicial as to have denied defendant a fair trial. *Commonwealth v. Henry*, 550 Pa. 346, 379, 706 A.2d 313, 329 (1997). Here, Appellant cannot satisfy the prejudice prong.

¶ 19 Appellant's mother, Mrs. Barger, testified at the post-sentence hearing that a few weeks before trial, she spoke with trial counsel via the telephone. N.T. Post Sentence Motions, 5/6/97, at 29–30. She informed trial counsel of a statement allegedly made to her by the victim outlining a motive to lie on the part of the victim, with the end result being that Appellant would go to jail. *Id.*

¶ 20 Trial counsel testified at the post sentence hearing that he had a number of phone conversations with Mrs. Barger. *Id.* at 36. Trial counsel stated that on several occasions Mrs. Barger told him that the victim would do anything to get Appellant out of the house. *Id.* Trial counsel acknowledged that the only time a specific statement by the victim was discussed was in the courthouse the morning that the jury was selected. *Id.* at 46. During this discussion, Mrs. Barger offered to testify that she overheard the victim say, "that she would do anything to get Mr. Barger out of the home." *Id.* at 36. Finally, trial counsel informed the court that Appellant's mother never said anything regarding Appellant going to jail or the victim's motive to lie. *Id.*

¶ 21 Trial counsel's testimony is contrary to that of Appellant's mother. Credibility of witnesses and the weight accorded to the evidence are matters solely within the province of the factfinder. *Commonwealth v. Cappellini*, 456 Pa.Super. 498, 690 A.2d 1220, 1224 (1997). The trial court, as factfinder was free to believe all, some or none of the evidence presented. *Id.* The trial court found counsel's

testimony to be more credible and thus accepted his description of events.

¶ 22 Trial counsel stated that he chose not to use Mrs. Barger's testimony as it would have been useless to Appellant's defense N.T. Post Sentence Motions, 5/6/97, at 36. The victim testified she wanted him out of the home and did not want him there. N.T. Trial, 12/9–10/96, at 77 and 79–80. Thus, the evidence would have been cumulative. Additionally, trial counsel indicated that the jury could possibly have interpreted Mrs. Barger's proposed testimony to mean that the victim wanted Appellant out of the house and would do anything to get him out because he was sexually abusing her. *Id.* at 37. Counsel's assistance is deemed effective once we are able to conclude that the course chosen by him or her had some reasonable basis designed to effectuate his client's interest. *Commonwealth v. Douglas*, 537 Pa. 588, 597, 645 A.2d 226, 231 (1994).

¶ 23 Finding that trial counsel had a reasonable basis for his conduct and that Appellant was not prejudiced by the absence of the witness, this ineffectiveness claim fails. Accordingly, as all other claims fail, no relief is due. Therefore, we affirm the judgment of sentence.

¶ 24 Judgment of sentence affirmed.