J-S42040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MIGUEL SANDERS :
:
Appellant : No. 904 EDA 2021

Appeal from the Judgment of Sentence Entered March 31, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001203-2019

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 14, 2024**

Appellant, Miguel Sanders, appeals from the Judgment of Sentence of

27½ to 55 years' incarceration entered by the Philadelphia Court of Common

Pleas after a jury convicted him of Rape - Forcible Compulsion, Rape of a Child,

Unlawful Contact with Minor, Aggravated Indecent Assault of a Child,

Corruption of Minors, Endangering Welfare of Children, and Indecent Assault

of a Child.[1] He challenges an evidentiary ruling and the weight of the

evidence, and asserts a due process violation. After careful review, we affirm.

**A**.

The trial court aptly set forth the facts underlying the offenses at issue

in its Pa.R.A.P. 1925(a) Opinion. Because the court's recitation is supported

---

[1] 18 Pa.C.S. §§ 3121(a)(1), 3121(c), 6318(a)(1), 3125(b?), 6301(a)(1)(ii),
4304(a)(1), 3126(a)(7), respectively.

by the record, we adopt that recitation as our own. ***See*** Trial Ct. Op., 12/28/21. Relevant to this appeal, we note the following.

In 2016, S.G. told her paternal aunt, E.G., that Appellant had raped her several times when she younger while she was visiting her mother.[2] She also stated that she did not tell anyone before because Appellant had threatened to kill her and S.G.'s mother if S.G. told anyone. E.G. reported the abuse to the Philadelphia Police Department. Officer Tyrone Green from the Special Victims' Child Abuse Unit investigated, and the Department of Human Services ("DHS") and the Philadelphia Children's Alliance ("PCA") conducted interviews. S.G. reported to them that Appellant had hit her, stuck an object in her vagina, beaten and threatened her mother with a knife, and thrown "paint" in her mother's face.

On December 28, 2018, the Commonwealth charged Appellant with the above offenses, alleging that between January 1, 2013, and December 31, 2013, he raped and threatened S.G. at her mother's house. The Commonwealth subsequently filed a Pa.R.E. 404(b) motion to admit evidence of other acts to explain the delay in S.G.'s reporting. Appellant opposed the motion. Following a hearing, the court granted the Commonwealth's motion.

---

[2] Appellant and S.G.'s mother lived together from 2012-2013. S.G. began living with E.G. in 2011 when she was three years old; however, S.G. would stay with her mother on the weekends. In June 2013, E.G. began proceedings to obtain permanent custody of S.G. because she was concerned about S.G.'s exposure to drug use and drinking when she was with her mother. E.G. obtained permanent custody of S.G. in 2014.

Appellant's three-day jury trial began on February 12, 2020, at which S.G., who was eleven years old at the time, testified regarding the sexual assaults that occurred when she was "four or five" years old, Appellant's threats, and Appellant's abuse of her mother that she had witnessed. N.T., 2/13/2020, at 52.

S.G.'s mother testified that she began dating Appellant in 2012 and that within a few months, he moved in with her. She stated that Appellant would frequently babysit S.G. and her other children when she could not be home. She also testified that Appellant was physically abusive towards her, once throwing pancake batter in her face before threatening to kill her with a knife while S.G. was present. She also testified that she ended the relationship in the fall of 2013 because Appellant had been physically and emotionally abusing her. Although she obtained a restraining order against Appellant, he still came to the house and threatened to kill her.

Colleen Getz, the manager of forensic services at PCA, testified regarding her interview with S.G. and her review of the "team summary," which included information gathered from investigations conducted by the Special Victims' Child Abuse Unit, a social worker with DHS, E.G., and S.G.'s mother. The Commonwealth played the video recording of S.G.'s forensic

interview for the jury. The parties stipulated to specific dates that Appellant had been incarcerated.[3]

The jury returned guilty verdicts on February 18, 2020. On March 31, 2021, the court sentenced Appellant to an aggregate term of 27½ to 55 years' incarceration.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court filed a responsive Rule 1925(a) Opinion.

**B**.

Appellant raises the following issues for our review:

1. Did the trial court err when it granted the Commonwealth's application to admit other acts evidence to explain the delay?

2. Should the guilty verdicts be overturned as against the weight of the evidence?

3. Was [Appellant] deprived of due process of law?

Appellant's Br. at 3.

**C**.

In his first issue, Appellant contends that the trial court erred in granting the Commonwealth's motion to admit evidence of his prior bad acts against mother to explain S.G.'s delay in reporting the alleged abuse. Appellant's Br. at 15. Appellant contends that the court failed to conduct a "'proper balancing

---

[3] The parties stipulated that Appellant was incarcerated from August 12, 2013, to August 22, 2013; September 3, 2013, to October 18, 2013; and October 19, 2013, to April 29, 2015.

inquiry,' to consider the scope and contour of the proffered evidence to minimize its potential for unfair prejudice." *Id*. at 26, *see also id*. at 16-26 (reiterating trial testimony that was relevant to the three issues upon which the Commonwealth based its Rule 404(b) motion). He also contends that because S.G. knew that Appellant was in jail "from August 2013 until April 2015," her "fear of [Appellant] does not explain the delay in reporting." *Id*. at 23. Finally, he contends that the trial court did not "carefully tailor" the evidence to be admitted so "the jury saw, on the one side, a lovely little girl and, on the other, a man who beats women" so he "had little hope of exoneration." *Id*. at 28-29.

We review the disposition of a motion *in limine* under an evidentiary abuse of discretion standard. *Commonwealth v. Cook*, 231 A.3d 913, 919 (Pa. Super. 2020). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa. 2007)(citation omitted).

Generally, "all relevant evidence, *i.e.,* evidence which tends to make the existence or non-existence of a material fact more or less probable, is admissible, subject to the prejudice/probative value weighing which attends all decisions upon admissibility." *Id.* Pa.R.E. 404(b)(1) reflects "[a] long-accepted exception to this general rule of admissibility" and provides that

"[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." ***Dillon***, 925 A.2d at 136; Pa.R.E. 404(b)(1). However, Rule 404(b)(2) recognizes that such evidence may be admitted when relevant "for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

Our Supreme Court also recognizes a *res gestae* exception to Rule 404(b), which allows evidence of prior bad acts "to show part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts." ***Dillon***, 925 A.2d at 137 (internal quotation marks and citation omitted). Most relevant to the case before us, the Court has allowed the admission of prior bad acts to explain, among other things, the reason for a victim's delay in reporting the offense. ***See, e.g., id***. at 139 (observing that because the outcome of sexual assault prosecutions depends almost entirely on the credibility of the complainant, the Commonwealth should have been allowed to introduce evidence during its case in chief regarding the appellant's physical abuse of the complainant's mother and brother to explain the victim's fear of the appellant and the consequential delay in reporting); ***see also Commonwealth v. Barger***, 743 A.2d 477, 481 (Pa. Super. 1999) (*en banc*) (concluding that evidence of other acts of abuse committed by the appellant against the victim and her mother

were admissible to explain the victim's fear of the appellant and her delay in reporting).

Here, after hearing argument from counsel on the motion *in limine*, the motions court[4] found that evidence of Appellant's violence toward the victim's mother that occurred in the presence of children, including S.G., was "not only relevant but more probative than it is prejudicial." N.T. Motion, 8/22/19, at 10. The court concluded that the evidence "pertains not only to the case itself, but to the delay in the complaint." *Id*.

In addressing the issue raised on appeal, the trial court judge[5] agreed with the motions' court's disposition. The judge opined that:

> [T]he record is clear that S.G. observed [Appellant] behaving violently toward her mother and that she was afraid of him actually following through on his threat to kill her and [her mother] if she reported the abuse. The jury, as fact-finder, needed this information to have a clear picture of all of the facts and circumstances surrounding S.G.'s abuse and why she did not report it immediately.

Tr. Ct. Op., 12/28/21, at 15.

We discern no abuse of the court's discretion in granting the Commonwealth's motion *in limine*. Considering S.G.'s young age at the time of sexual assaults and her testimony that Appellant threatened to kill her and

---

[4] The Hon. Giovanni O. Campbell presided at the motions hearing.

[5] The Hon. Genece E. Brinkley presided at Appellant's trial and, thus, submitted the Rule 1925(a) Opinion addressing the issues Appellant raised in his Rule 1925(b) Statement.

her mother if she told anyone, the court properly exercised its discretion in allowing the Commonwealth to introduce evidence pertaining to Appellant's acts of violence perpetrated against S.G.'s mother.[6] That evidence allowed the jury to obtain the full picture of why S.G. delayed reporting the assaults and threats.

Moreover, contrary to Appellant's contention, our review of the hearing transcript confirms that the court properly considered the probative value of the evidence against its prejudicial effect. *See* N.T. Motions, 8/22/19, at 7-10 (where the motions' court asks questions regarding the evidence and its relevance to the case). Appellant's first issue, thus, warrants no relief.

**D.**

Appellant next avers that the verdicts "were against the weight of the evidence and should therefore, be overturned." Appellant's Br. at 30. In support, he argues that S.G.'s statements to the forensic interviewer contradicted her testimony at trial and that she "recounted events that could not have happened." *Id*. at 32-33. He contends that the S.G.'s "accounts were figments of the imagination of a little girl who has been scarred by the vicissitudes of life" and that "[Appellant] served as a convenient scapegoat for her inner turmoil." *Id*. at 35. He concludes that "[h]er testimony is so

---

[6] Further, the trial court acknowledged that it provided a limiting instruction to the jury to consider the evidence of Appellant's attacks on S.G.'s mother only for the purpose of tending to explain S.G.'s delay in disclosure of sexual abuse. Tr. Ct. Op. at 15-16.

contradictory on essential issues that any finding by the jury would be mere a guess [sic]." *Id*. at 36.

Generally, challenges to the weight of the evidence must be preserved either before sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A)(1)-(3) (claims challenging weight of evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion"); *Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014) (failure to preserve weight claim under Rule 607 results in waiver). Our review of the certified record, including the trial transcripts, indicates that Appellant did not raise his weight challenge before the trial court either by oral or written motion before sentencing. Further, the record indicates that Appellant did not file a post-sentence motion. Accordingly, Appellant failed to preserve this challenge to the weight of the evidence. It is, thus, waived.

**E**.

In his last issue, Appellant avers that the Commonwealth deprived him of "his right to due process by the content of the charging documents and by the Commonwealth's use of testimony that was confused and contradictory." Appellant's Br. at 38. After noting that the charging documents alleged that the crimes occurred between January 1, 2013, and December 31, 2013, when the Victim was 5 years old, he contends that because the Victim turned 5 in

April 2013, he was not prepared when the Victim testified that the abuse began when she was 4 years old. He contends that because of this testimony, he was not prepared to defend himself "from allegations back to the beginning of 2013." *Id*. at 38.[7]

Under Pennsylvania law, it is the duty of the Commonwealth to "fix the date the alleged offense occurred with reasonable certainty[.]" ***Commonwealth v. Brooks***, 7 A.3d 852, 857 (Pa. Super. 2010) (citation omitted); Pa.R.Crim.P. 560(B)(3). However, Rule 560(B)(3) also provides that "if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient." Our Supreme Court has recognized that the circumstances of each case determine whether due process requirements have been met.

> The pattern of due process is picked out in the facts and circumstances of each case. Due process is not reducible to a

---

[7] Appellant also argues that he was not prepared to defend himself against charges of vaginal intercourse, because "sexual intercourse" is defined as "penetration per os or per anus intercourse" *Id*. at 40. Thus, he argues that "prior to trial, he may have reasonably believed that he need answer only for charges for 'per anus' penetration[.]" *Id*. at 41. The Commonwealth charged Appellant with numerous sexual offenses, including Rape of Child. Section 3121(c) provides that the offense occurs when the perpetrator engages in "sexual intercourse" with a complainant who is less than 13 years of age. 18 Pa.C.S. § 3121(c). Section 3101 defines sexual intercourse as the following: "*In addition to its ordinary meaning*, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101 (emphasis added). There is no dispute that vaginal intercourse is the "ordinary meaning" of sexual intercourse. We, thus, reject Appellant's argument.

mathematical formula. Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly[,] the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused.

*Commonwealth v. Devlin*, 333 A.2d 888, 892 (Pa. 1975) (citations and quotation marks omitted).

Where the case involves a child victim of sexual abuse, the Commonwealth is "afforded broad latitude to fix the date of the offenses which involve a continuous course of criminal conduct." *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 990 (Pa. Super. 2007) (citation omitted); *see, e.g., Commonwealth v. Groff*, 548 A.2d 1237, 1242-43 (Pa. Super. 1988) (holding that due process was not violated where the Commonwealth alleged and proved that one incident of sexual abuse of a 6-year-old child occurred in the summer of 1985). Further, this Court has held that the requirements of due process are met where a young child is able to fix the time when sexual abuse began and when it ceased. *G.D.M., Sr.*, 926 A.2d at 990.

In addressing Appellant's due process challenge, the trial court concluded that, under the circumstances, the Commonwealth adequately provided a range of dates for Appellant to prepare a defense.

The criminal information states that the alleged offenses took place 'on or about 01/01/2012' and '[f]rom January 1, 2013 through December 31, 2013.' S.G. testified that the rapes and other sexual abuse took place when she was 4 – 5 years old, which would have been 2012-2013. Pa.R.Crim.P. 560(B)(3) specifically permits the Commonwealth to provide an 'on or about' date of

- 11 -

offense where the precise date of the offense is unknown. In addition, the Commonwealth is given broad latitude when providing dates for ongoing sexual offense against a victim child, which is the case here.

Trial Ct. Op., 12/23/2021, at 30.

We agree with the trial court's analysis. Our review indicates that the criminal information informed Appellant of the time frame at issue and, thus, he was not deprived of his opportunity to prepare to defend against the charges. Moreover, the criminal information accused him of rape and he, thus, had notice that he would have to defend against allegations of rape that occurred within that time frame. Appellant's contention, that "[t]he vagueness and uncertainty in the Criminal Information together with the confused and contradictory testimony of S.G. deprived him of due process of law," ignores the case law cited above. Moreover, the fact that he disagrees with how the jury weighed the victim's testimony and any contradictions presented at trial does not establish that his due process rights were violated. Thus, Appellant's final issue warrants no relief.

F.

In sum, the court properly exercised its discretion in granting the Commonwealth's motion *in limine* because mother's testimony explained the victim's delay in reporting the offenses. With respect to his weight challenge, Appellant failed to preserve it before the trial court and it is, thus, waived. Finally, Appellant's claim that his due process rights were violated is without merit. Accordingly, we affirm the judgment of sentence.

- 12 -

Judgment of Sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/14/2024