676 A.2d 1232

**COMMONWEALTH of Pennsylvania**

v.

**Paul RICHTER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 1996.

Filed May 22, 1996.

David D. Wasson, III, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com.

Before HUDOCK, EAKIN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

On October 27, 1994, a jury found appellant Paul Richter guilty of rape, indecent assault and unlawful restraint of his pregnant ex-wife. The Honorable Gary S. Glazer dispensed punishment on December 19, 1994, as he sentenced Richter to consecutive prisons terms of six-to-twenty years, for the rape conviction, and eight-to-sixteen months, for the indecent assault conviction.[1] This appeal follows.

The incident from which Richter's convictions stem was summarized by the trial court as follows:

On May 6, 1993, at approximately 7:30 a.m., [Richter] called his ex-wife, who was 19 weeks pregnant, to make arrangements to come to her house to show her pictures of their son's Communion. [Richter] arrived approximately at 9:15 a.m. and was seated on the couch with a cup of coffee. As defendant was showing his ex-wife pictures of their son, [Richter] unzipped his pants and took out his penis. He asked the victim "if she wanted to suck on it" and "if she was going to be nice." The victim told him no and that she could not because she could lose her baby if she had sexual intercourse. The victim got up and went into the kitchen to get [Richter] more coffee.

When the victim went to the kitchen, [Richter] followed behind her, put his hands under her shirt and fondled her breasts. [Richter] told the victim that "she could be nice, I won't hurt you, I won't hurt you. One more time." The victim told [Richter] that she could not. The victim, then, pushed away [Richter's] hands and told [him] to stop, but [Richter] did not stop.

As the victim leaned over to put the coffee cup on the table, [Richter] held the victim down on the shoulder and the hip while tugging at [her] pants and saying "one last time[."] Although the victim told him no and began to cry, [Richter] pulled down her pants telling her that if she wanted anything for their son, the victim must have sexual intercourse with him. [Richter] inserted his penis into the

---

1. No sentence was imposed for the unlawful restraint conviction.

victim's vagina from the rear for a minute and [a] half. The victim cried and continued to tell the defendant to stop. The victim did not struggle because, based upon past experience, she knew [Richter] was capable of hurting both her and her unborn child. After [Richter] finished, he zipped up his pants, threw twenty dollars at the victim and left her house.

Opinion, 12/11/95 at 1–2.

On appeal, Richter presents the following issues for our review:

1.  Whether the evidence was sufficient to support his rape conviction.

2.  Whether the trial court erred in allowing the Commonwealth to introduce evidence of Richter's prior bad acts.

3.  Whether the evidence was sufficient to support his indecent assault conviction.

4.  Whether his indecent assault conviction should merge with his rape conviction for sentencing.

5.  Whether the evidence was sufficient to support his unlawful restraint conviction.

■ At the outset, we note that the "test for determining the sufficiency of the evidence is to view the evidence in the light most favorable to the verdict winner, and thus, to determine whether the jury reasonably could have concluded that all elements of the crime were established beyond a reasonable doubt." *Commonwealth v. Baker*, 531 Pa. 541, 614 A.2d 663, 664 (1992). *See also Commonwealth v. Matty*, 422 Pa.Super. 595, 619 A.2d 1383 (1993) The crime of rape is defined, in pertinent part, as follows:

§ 3121.  **Rape**

A person commits a felony of the first degree when he engages in sexual intercourse with another person not one's spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

18 Pa.C.S.A. § 3121. In the case at hand, Richter claims that the Commonwealth failed to establish rape's requisite forcible compulsion or threat of forcible compulsion. We disagree.

In *Commonwealth v. Berkowitz,* our Supreme Court stated that "[t]he force necessary to support a conviction of rape ... need only be such as to establish lack of consent to induce the [victim] to submit without additional resistance.... The degree of force required to constitute rape is relative and depends upon the facts and particular circumstances of the case." 537 Pa. 143, 148, 641 A.2d 1161, 1163 (1994) (quoting *Commonwealth v. Rhodes,* 510 Pa. 537, 554, 510 A.2d 1217, 1226 (1986)). Instantly, Richter pinned his victim against a table and removed her pants and undergarments. Moreover, the victim testified that, on two prior occasions, Richter had brutally raped her. On one such occasion, Richter, after forcing her to engage in intercourse, rammed a brush drenched with plumber's glue into the victim's vagina. On the other occasion, Richter forced intercourse by punching the victim in the mouth, breaking numerous teeth. Both of the prior attacks required hospitalization. In light of Richter's past savagery, the victim testified that, during the incident in question, she failed to physically resist Richter's advances out of fear of physical retribution and out of fear of harming her unborn child.

Is Richter's past brutality, coupled with the victim's troublesome pregnancy and his pinning her against the kitchen table, enough to establish forcible compulsion or threat of forcible compulsion where the victim failed to physically resist Richter's advances? We believe that this evidence is sufficient. Richter had demonstrated that he was capable of the terrible violence. He had proved to the victim that he could violate her in unthinkably horrible ways. We are convinced that, by May 6, 1993, Richter would have succeeded in breaking the will to resist of any person of reasonable resolution. Moreover, at the time of the May 6th attack, the victim's fear of Richter's aggression was compounded, as she had the additional worry of her unborn child. In *Commonwealth v. Mlinarich,* a plurality of our Supreme Court stated that "we no

longer require that involuntariness must be demonstrated by useless resistance which would further imperil the victim's safety." 518 Pa. 247, 259, 542 A.2d 1335, 1341 (1988) (per Nix, J., with two justices joining). There is no question that, in the instant case, the victim chose the prudent course in failing to offer physical resistance to Richter's advances. Any other decision may have meant her, and her unborn child's, demise. Instead, the victim wisely chose to resist Richter through words. Unfortunately, her words did not succeed.

In light of these circumstances, we cannot find that intercourse with the victim had been achieved through anything less than forcible compulsion or threat of forcible compulsion. *See Commonwealth v. Jones,* 449 Pa.Super. 58, 672 A.2d 1353 (1996) (elements of rape met where "victim was pregnant and concerned for the well being of her unborn child" and the defendant had hit the victim in the face with a pillow, threatened the victim with violence and "held down the victim's shoulders before and during intercourse and removed the victim's clothing"). Further, since the Commonwealth has established all elements of the crime of rape, Richter's first allegation of error must fail.

■ Intertwined with this first issue, however, is Richter's claim that the victim's testimony concerning the prior rapes should not have been admitted into evidence. We disagree. Richter correctly notes that, generally, evidence of a defendant's prior crimes may not be admitted at trial. *Commonwealth v. Morris,* 493 Pa. 164, 175, 425 A.2d 715, 720 (1981). Nevertheless, this general rule gives way when such evidence is offered to prove "(1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design . . . or (5) to establish the identity of the person charged with the commission of the crime on trial . . ." *Id.* Instantly, it is clear that the victim's testimony concerning Richter's past savagery does not fit within one of the above exceptions. "Nevertheless, we may create new exceptions in appropriate cases." *Commonwealth v. Claypool,* 508 Pa. 198, 205, 495 A.2d 176, 179 (1985). We believe that this case warrants such an exception.

■ In *Claypool*, our Supreme Court held that an exception to the general rule was warranted, with proper cautionary instruction, where the defendant told his victim that he had committed prior rapes in an attempt to scare her into submission. *Id.* In so holding, the *Claypool* Court stated that "[e]vidence of prior crimes may be admissible ... if it is relevant to prove something other than the defendant's propensity for committing crimes." *Id.* (Emphasis original.) In the case at hand, the testimony concerning Richter's prior acts was not offered to establish a propensity to commit rape. Instead, it was offered to show the victim's state of mind in failing to physically resist Richter's advances. Further, Judge Glazer properly instructed the jury that the evidence was to be considered for only this point. As such, we believe that this testimony was properly admitted at trial. *See id.* Moreover, to exclude this evidence would reward a defendant for committing multiple rapes upon the same victim. As noted above, without evidence of the brutality which has served to wear down the victim's will to resist, forcible compulsion could not be established in such cases. We expressly hold, therefore, that, in rape cases, evidence of a defendant's past violent crimes upon a victim is admissible in establishing that sexual intercourse was achieved through forcible compulsion or the threat of forcible compulsion. Consequently, Richter's second allegation of error joins his first in failure.

■ Richter next claims that there was insufficient evidence to convict him of indecent assault. We disagree. The crime of indecent assault is defined, in pertinent part, as follows:

**§ 3126.  Indecent assault**

A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

(1) He does so without the consent of the other person; 18 Pa.C.S.A. § 3126.

Instantly, the Commonwealth established that, prior to forcing his penis into his victim's vagina, Richter "put his hands

under her shirt and fondled her breasts" against her wishes. Opinion, 12/11/95 at 2. By the plain meaning of § 3126, we find that Richter's actions clearly constitute an indecent assault.

The issue of whether the indecent assault conviction should merge with the rape conviction, however, is more problematic. There is no question that when a defendant is found guilty of both rape and indecent assault based upon a **single** physical act, the convictions must merge. *Johnson v. Commonwealth*, 499 Pa. 380, 453 A.2d 922 (1982). The question before this Court, however, is whether the convictions must merge when the indecent assault, while part of the same criminal episode, is predicated upon a **separate** physical act from the rape. This query presents an issue of first impression.

Over twenty years ago, this Court stated that "[t]he crime of rape necessarily includes the crime of indecent assault, **not merely in the progression of acts** but in the act itself." *Commonwealth v. Richardson*, 232 Pa.Super. 123, 126, 334 A.2d 700, 701 (1975) (emphasis added). At first blush, this language would seem to indicate that an indecent assault committed during, or immediately prior to a rape, must merge with the rape despite being separate physical acts. This result is unacceptable. A closer reading of *Richardson* reveals that the indecent assault conviction, in that case, was predicated upon the same physical act as the rape conviction, *i.e.*, the forcible intercourse. As such, the *Richardson* holding must be limited to its facts, and we deem the language concerning indecent assaults committed in "the progression of acts" as *obiter dictum*.

■ Moreover, we are convinced that when an indecent assault conviction is predicated upon an act separate from the act of forcible intercourse, the indecent assault conviction does not merge with a conviction for rape. This is true whether the act which constitutes indecent assault is committed immediately prior to, or concurrently with the rape. Our holding is consistent with prior caselaw.

In *Commonwealth v. Ashe*, our Supreme Court found that

[t]wo crimes **may be** successive steps in **one** crime and therefore merge ... or they may be two distinct crimes which do not merge.... When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for **both**.

343 Pa. 102, 105, 21 A.2d 920, 921 (1941) (emphasis original).

Instantly, Richter's indecent assault conviction was predicated upon his fondling the victim's breasts. This act, however, was irrelevant with respect to the Commonwealth establishing the requisite elements of rape. As such, we find that Richter's convictions do not merge for sentencing. *See Ashe, supra.* To find otherwise would be to ignore the separate injuries suffered by the victim and to reward Richter for committing multiple atrocities. Such a result would be contrary to our notions of justice and will not be condoned by this Court.[2]

Lastly, Richter contends that the Commonwealth presented insufficient evidence to support his unlawful restraint conviction. We cannot find, however, any argument in support of this issue in Richter's appellate brief. Consequently, this issue is waived. *Commonwealth v. Mercado,* 437 Pa.Super. 228, 243–45, 649 A.2d 946, 954 (1994).

Judgment of sentence affirmed.

---

**2.** We note that Richter also contends that the information filed by the Commonwealth was defective as it lacked specificity concerning the indecent assault charge. Richter, however, has failed to request in an omnibus pretrial motion that the information be quashed. As such, we deem this issue waived. *See Commonwealth v. Rishel,* 441 Pa.Super. 584, 596–98, 658 A.2d 352, 358 (1995); *Commonwealth v. Gemelli,* 326 Pa.Super. 388, 397–98, 474 A.2d 294, 299 (1984); *Commonwealth v. Kimble,* 323 Pa.Super. 499, 509–11, 470 A.2d 1369, 1375 (1984).