J-S19032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MAURICE HARPER, | : | |
| | : | |
| Appellant | : | No. 1176 EDA 2015 |

Appeal from the Judgment of Sentence April 2, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0006700-2009

BEFORE:  BENDER, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 29, 2016**

Maurice Harper ("Harper") appeals from the judgment of sentence imposed following his conviction of possession with intent to deliver a controlled substance ("PWID").  ***See*** 35 P.S. § 780-113(a)(30).   We affirm.

The trial court stated the relevant facts:

> On March 19, 2009, at about 7:00 p.m., Philadelphia Police Officer Frank Bonnett ["Officer Bonnett"], assigned to the Narcotics Enforcement Team, along with other officers, set up a surveillance in the 5700 block of Germantown Avenue after police [had] received complaints related to the illegal sale of drugs.  At that time and location, Officer Bonnett observed [Harper] walking back and forth in front of a delicatessen.
>
> At about 7:10 p.m., Officer Bonnett observed a male, later identified as Julian Dawson ["Dawson"], approach [Harper], engage him in a brief conversation, and then hand him U.S. currency.  Upon receiving the money, [Harper] removed a bag from his pocket that contained red objects, removed an object from the bag, and handed it to Dawson, who then left the area on foot.  Based on his extensive experience in illegal drug sales[,] Officer Bonnett believed that he had just witnessed a narcotics transaction[,] so he radioed a description of Dawson to

his back-up officers[,] following which Dawson was stopped and found to be in possession of a packet of marijuana.

Approximately ten minutes later, another male approached [Harper] and participated in an identical transaction to the one with Dawson. Police, however[,] were not able to apprehend this male after this transaction with [Harper].

At 7:35 p.m., a man later identified as Darnell Morton ["Morton"] approached [Harper], handed him U.S. [c]urrency and received an object in return. Police stopped Morton following the transaction and recovered a pill, which testing [later] revealed to be [ecstasy] (benyzlpiperazine).

At 7:45 p.m., [Harper] entered the rear passenger seat of an automobile. Officer Bonnett, believing that [Harper] might decide to drive away, directed his back-up team to stop [Harper]. Police apprehended [Harper] and incident thereto recovered from him six packets of crack cocaine, three [ecstasy] pills, $39.00, and three cell phones. Police also recovered a bag from the car, which [Harper] dropped at the behest of the police[,] that contained twenty-eight packets of marijuana. Officer Bonnett testified that the drugs recovered from Dawson and Morton appear[ed] identical to the items seized by police from [Harper] after he was apprehended.

Trial Court Opinion, 9/2/15, at 2-3 (citations omitted).

Harper filed a Motion to Suppress the Evidence, which the trial court denied. Following a jury trial, Harper was convicted of PWID. On April 2, 2015, the trial court sentenced Harper to two to five years in prison, followed by five years of probation. Thereafter, Harper filed a timely Notice of Appeal and a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Harper raises the following questions for our review:

I. Was the evidence adduced at trial legally sufficient to convict [Harper] of the offense of possession with intent to deliver a

controlled substance, where the jury was not required to determine which specific controlled substance was possessed with a [contemporaneous] intent to deliver that controlled substance?

II. Did the trial court err [] or abuse [its] discretion in providing the jury with a "*Spencer*" charge,[1] where the jury did not indicate difficulty in reaching a verdict, and did not indicate it was deadlocked as to reaching a unanimous verdict[?]

Brief for Appellant at 2 (some capitalization omitted, footnote added).

In his first claim, Harper contends that the evidence was insufficient to sustain his PWID conviction. *Id*. at 6, 7. Harper argues that the packaging of the drugs found on Morton was inconsistent with the substances the police had seized from him. *Id*. at 6-7.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined

---

[1] When a jury is deadlocked, the trial court may provide a jury charge that should follow the guidelines set forth by our Supreme Court in *Commonwealth v. Spencer*, 275 A.2d 299 (Pa. 1971). The "*Spencer*" charge refers to a type of a non-coercive charge that should direct all jurors to consult with one another in an effort to reach a unanimous decision, without singling out dissenting jurors. *Spencer*, 275 A.2d at 304-05.

- 3 -

circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

Here, the trial court set forth the relevant law, addressed Harper's claim and concluded that it is without merit. **See** Trial Court Opinion, 9/9/15, at 3-5. Because the record supports the trial court's findings and credibility determinations, we adopt the sound reasoning and conclusion of the trial court for the purpose of this appeal. **See id**.; **see also Talbert**, 129 A.3d at 543.

Harper additionally contends that his judgment of sentence should be arrested because the intent to deliver three separate substances was submitted to the jury as one question, without specifying which substance was possessed with the intent to deliver. Brief for Appellant at 7.[2]

In effect, Harper challenges the validity of the Criminal Complaint, arguing that the charged offense was overly broad. However, the trial court notes that Harper did not raise this claim before the trial court and only raised it for the first time in his Rule 1925(b) Concise Statement. **See** Trial

---

[2] Harper fails to cite to the record or any authority in support this bald allegation. **See** Pa.R.A.P. 2119(a).

- 4 -

Court Opinion, 9/9/15, at 5-6; **see also** Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal). Thus, we conclude that this claim is waived. **See, e.g., Commonwealth v. Richter**, 676 A.2d 1232, 1236 n.2 (Pa. Super. 1996) (noting that appellant's claim that the information filed by the Commonwealth was defective was waived for failing to raise the issue in a pre-trial suppression motion).

In his second claim, Harper contends that the trial court erred in providing the jury with a "**Spencer**" charge. Brief for Appellant at 7. Harper argues that the trial court gave the instruction in response to a question from the jury, and that there was no evidence that the jury was deadlocked. **Id**. at 7-8.

Here, Harper acknowledges that he did not object to the charge at the time it was given to the jury. **See** Brief for Appellant at 8. Thus, the claim is waived on appeal. **See** Trial Court Opinion, 9/9/15, at 9 (noting that Harper's failure to lodge an objection at the time the charge was given to the jury resulted in a waiver of his claim);[3] **see also** Pa.R.A.P. 302(a).

Judgment of sentence affirmed.

---

[3] We note that on the second day of deliberations, the jury informed the court officer that it was "having trouble reaching a unanimous verdict." N.T., 1/20/15, at 9. Thereafter, the trial court provided the "**Spencer**" charge to the jury. **Id**. at 9-10.

J-S19032-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016