J-S13027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAFAEL GARCIA | : | |
| | : | |
| Appellant | : | No. 1837 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 26, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005642-2019

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED:  MAY 28, 2021**

Appellant, Rafael Garcia, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for attempted sexual assault and indecent assault without consent.[1]  We affirm.

The trial court set forth the facts underlying Appellant's convictions as follows:

> On Saturday, July 13, 2019, the victim, S.R., was working as a home health care worker in the home of Francisco and Migdalia Garcia, at 4045 N. 6th Street, Philadelphia PA.  The victim had been working with the Garcias for approximately two and a half years, and was responsible for cleaning, cooking meals, and taking the Garcias to their appointments.  Sometime during the victim's employment,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901 (section 3124.1 related); and 3126, respectively.

the Garcias' son, [Appellant], moved into the home.

On Saturday, July 13, 2020, the victim went upstairs to change the Garcias' bed linens. When the victim entered the front bedroom of [the Garcias], [Appellant] followed her, where he then grabbed her and told her "I knew you wanted it." [Appellant] then turned the victim around, threw her on the bed, and lifted her skirt. [Appellant] took out his penis and attempted to penetrate the victim's vagina. [Appellant] was unable to do so, but his penis contacted the upper portion of her vagina. [Appellant] attempted to penetrate the victim again, but she was able to push him away. At that moment, Migdalia Garcia, unaware of what had occurred, called [Appellant] downstairs. [Appellant] left the front bedroom without saying or doing anything further to the victim.

Afterwards, the victim went downstairs and informed [the Garcias] about what had occurred. That day, the victim informed her friend and co-worker, Carmen Feliciano, of what had occurred. Feliciano urged her to report the incident to their employer. The next day, the victim informed her supervisor about the assault and afterwards reported the incident to the police.

(Trial Court Opinion, filed November 19, 2020, at 2) (internal citations to the record omitted).

On February 20, 2020, a jury convicted Appellant of attempted sexual assault and indecent assault without consent. On August 28, 2020, the court sentenced Appellant to 5 to 10 years' imprisonment for attempted sexual assault and 1 to 2 years' imprisonment for indecent assault without consent. Appellant's aggregate sentence was 6 to 12 years' imprisonment.

On September 1, 2020, Appellant timely filed a notice of appeal. Following the court's order, Appellant timely filed a Pa.R.A.P. 1925(b) concise statement on October 22, 2020.

On appeal, Appellant raises the following issue for our review:

Did not the imposition of consecutive sentences for Attempt Sexual Assault and the lesser graded offenses of Indecent Assault, constitute a violation of the Merger of Sentences statute, 42 Pa.C.S.A. § 9765, and a violation of Appellant's state and federal constitutional rights against double jeopardy, where both convictions were based upon proof of the single charged act of "attempting to put his penis in her vagina," and where the only statutory elements of Indecent Assault that were specified in the complaint, argued to the jury, and covered in the trial court's charge to the jury, were the same as those relied upon as a basis for Appellant's conviction of the greater offense of Attempt Sexual Assault?

(Appellant's Brief at 3).

Appellant argues that the court erred in failing to merge his convictions for sentencing purposes. Appellant claims that during the assault on the victim, he committed only a single criminal act. In support of this contention, Appellant points to the criminal complaint, which does not mention shoving, speaking, or pushing aside clothing, and argues that none of these acts were offered at trial as a basis upon which the jury could convict him of indecent assault. Appellant maintains that placing his penis upon the victim's vagina and attempting to penetrate her vagina constituted a seamless event that could not be broken down into multiple events. Appellant concludes the trial court imposed an illegal sentence, and this Court must grant relief. We disagree.

Whether crimes merge for sentencing purposes implicates the legality of the sentence. *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa.Super. 2013). Merger of sentences is governed generally by Section 9765 of the

Sentencing Code, which provides:

### § 9765.  Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.  "[T]he language of the legislature is clear.  The only way two crimes merge for sentencing is if **all** elements of the lesser offense are included within the greater offense." *Commonwealth v. Coppedge*, 984 A.2d 562, 564 (Pa.Super. 2009) (stating cases decided before effective date of Section 9765 are not instructive in merger analysis; relevant question in merger analysis now is whether person can commit one crime without also committing other crime, regardless of whether facts of particular case comprise both crimes; if elements of crimes differ, *i.e.*, if one offense can be committed without committing other offense, crimes do not merge under legislative mandate of Section 9765) (emphasis in original).  Further:

When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a 'break in the chain' of criminal activity.  [The] issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

*Commonwealth v. Pettersen*, 49 A.3d 903, 912 (Pa.Super. 2012) (internal citations and most quotation marks omitted).

The Crimes Code defines indecent assault and sexual assault, in

pertinent part, as follows:

**§ 3126.  Indecent assault**

**(a)  Offense defined.—**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1)  the person does so without the complainant's consent[.]

18 Pa.C.S.A. § 3126(a)(1).

**§ 3124.1.  Sexual assault**

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1.  "In addition to its ordinary meaning, [sexual intercourse] includes intercourse per os or per anus, with some penetration however slight; emission is not required."  18 Pa.C.S.A. § 3101.

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."  18 Pa.C.S.A. § 901(a).

With regard to indecent assault:

"[W]hen an indecent assault conviction is predicated upon an act separate from the act of forcible intercourse, the indecent assault conviction does not merge with a conviction for rape."  ***Commonwealth v. Richter***, [676 A.2d 1232,

1236 (Pa.Super. 1996)]. This rule applies regardless of "whether the act which constitutes indecent assault is committed immediately prior to, or concurrently with the rape." *Id.*

*Commonwealth v. Roane*, 204 A.3d 998, 1002 (Pa.Super. 2019).

Instantly, the trial court explained:

Merger is not appropriate in this case because the elements of the crimes are distinct. The elements of the crime of Attempt[ed] Sexual Assault are an attempt to engage in sexual intercourse with a complainant without the complainant's consent. [18] Pa.C.S. § 3124.1. Sexual intercourse is defined as penetration, however slight. The elements of Indecent Assault are indecent contact with a complainant without the complainant's consent. Indecent contact is defined as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in any person." 18 Pa.C.S. § 3126(a)(1).

Attempt[ed] Sexual Assault requires a substantial step in trying to penetrate another, without consent, while Indecent Assault is the touching of the sexual body parts of another, without consent. The statutory language makes it clear that Indecent Assault is a broader offense than Attempt[ed] Sexual Assault and encompasses criminal acts beyond penetration. …

In *Roane*[*, supra*], a defendant was convicted of Indecent Assault and Rape of a Child, after touching the victim's genitals and later penetrating her while she slept. [*Id.*] at 1001. On appeal the defendant argued that these offenses should have merged. The Superior Court rejected his argument finding that his offenses were two separate acts and that indecent assault does not merge when the act is separate from forcible intercourse. *Id.* at 1002. This rule applies regardless if the act of Indecent Assault occurs prior to, or concurrent with a rape. *Id.*

As in *Roane*, [Appellant] has been found guilty of two distinct sexual offenses. [Appellant] approached the victim from behind and grabbed her. He then proceeded to turn

- 6 -

the victim around and [push her] onto the bed, at which point he lifted the victim's skirt, pushed aside her underwear, and attempted to penetrate her vaginally. In so doing, [Appellant's] penis contacted the upper part of the victim's vagina. [Appellant] again tried to penetrate the victim, but she was able to push [Appellant] away. [Appellant] then proceeded to leave the room because his mother was calling him from downstairs.

(Trial Court Opinion at 3-4).

We agree with the court's merger analysis. Appellant's act of placing his penis against the top of the victim's vagina constituted "indecent contact" with the complainant without her consent, while his act of attempting to forcibly penetrate her vagina with his penis constituted a substantial step towards sexual assault—a separate act. *See* 18 Pa.C.S.A. §§ 3126, 3124.1, 901. Under these circumstances, the trial court did not err by imposing separate sentences for Appellant's convictions. *See Roane, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/21

- 7 -