J-S32022-25

2025 PA Super 278

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                     :
            v.                      :
                                     :
                                     :
LUIS TEPO-MARTINEZ           :
                                     :
          Appellant           :    No. 1369 MDA 2024

Appeal from the Judgment of Sentence Entered August 13, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001806-2023

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY KUNSELMAN, J.:                 **FILED DECEMBER 12, 2025**

Luis Tepo-Martinez appeals from the judgment of sentence entered after he was convicted of two counts of indecent assault.[1] He challenges the sufficiency of the evidence to sustain his convictions. We affirm.

Tepo-Martinez's charges arose from an incident on March 9, 2023, at Burrito Loco in Dallas, Luzerne County. A coworker, Gabrielle Aumick, alleged that Tepo-Martinez touched her inappropriately in an office at the restaurant.

The case proceeded to a jury trial on May 14 and 15, 2024. Dallas Township Patrol Officer Jonathan Martinez testified that he responded to the restaurant and spoke with Aumick and Tepo-Martinez. Officer Martinez stated that there was enough room in the office for two people.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(1) and (2).

Aumick described the incident, which began when Tepo-Martinez and their coworker Karlie Holena were "messing around" with sour cream. When Aumick approached them, Tepo-Martinez "became very rough" with her. She felt afraid as the situation "became more physical than it should have been." Aumick then described how Tepo-Martinez pulled her into the office, with the door shut behind her.

> And while I was in there, I got pushed against the wall. My right arm was above my head and my left [arm] was to the wall. His hand was holding mine to the wall digging into me. And his other arm was up across me. And he was trying to kiss -- like, kiss on my neck and slid[e][2] his hand down into my shirt to feel on my breast.
>
> I was fighting him back and telling him that I didn't want this. I was telling him to stop. I was telling him no.
>
> And then during the struggle trying to get him off me, I tried to hit the door open and [it] was being pulled back shut. And then finally when his hand was pulling down into my shirt, I was able to slide my right arm out and push him off of me and fully get out.

N.T., 5/14/24, at 70. Aumick testified that she showed Holena the cut on her hand "from his nails digging into me" and told her what happened. Aumick denied that she encouraged or offered consent for Tepo-Martinez to kiss her neck or touch her breasts.

---

[2] Other portions of Aumick's testimony illustrate that Aumick was able to push Tepo-Martinez away at the moment he slid his hand to touch her breast. During cross-examination, Aumick agreed that Tepo-Martinez "then somehow reache[d] into [her] shirt." N.T., 5/14/24, at 94. On re-direct, Aumick explained: "When he started to slide the hand that was across -- this arm down," she pulled her arm out and pushed Tepo-Martinez off. *Id.* at 106.

The Commonwealth introduced Instagram messages Tepo-Martinez sent to Aumick the month before the incident: "U look so hot today" with an eye heart emoji, "I like u a lot," and "N i like ur [cherries emoji]." Aumick understood the cherries emoji to mean her breasts. The Commonwealth also introduced photographs showing marks on Aumick's neck, chest, and hand.

Holena testified that Aumick and Tepo-Martinez "ended up in the back closet," and Holena heard a loud bang. When Holena told Tepo-Martinez that the police were at the restaurant, he asked her, "would she tell on me."

Tepo-Martinez presented the testimony of Jose Morales, the manager. Morales testified that Tepo-Martinez was in the office for about 20 seconds with Aumick; however, Morales was not paying attention to see whether Aumick followed Tepo-Martinez or Tepo-Martinez pulled her in there.

On August 13, 2024, the trial court sentenced Tepo-Martinez to serve 9 to 24 months of confinement. Tepo-Martinez filed post-sentence motions, which the trial court denied. Tepo-Martinez timely appealed. Tepo-Martinez and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Tepo-Martinez presents one issue for review:

Did the Commonwealth fail to present sufficient evidence to sustain its burden of proof on both counts of indecent assault, where it was not established that [Tepo-Martinez] touched a sexual or intimate part of [Aumick's] body and where the evidence presented, both factually and temporally, made it implausible that [Tepo-Martinez] touched a sexual or intimate part of [Aumick's] body?

Tepo-Martinez's brief at 2.

Tepo-Martinez's argument is two-fold. First, he contends that the totality of the evidence, including irregularities and inconsistencies in the witnesses' testimony, does not meet the constitutional minimum for a rational jury to find his guilt beyond a reasonable doubt. Second, he argues that Aumick's testimony did not establish that he engaged in "indecent contact."

The standard of review we apply for a sufficiency challenge "is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Sheets*, 302 A.3d 145, 150–51 (Pa. Super. 2023) (quoting *Commonwealth v. Callen*, 198 A.3d 1149, 1167 (Pa. Super. 2018)). As the Supreme Court emphasized, the relevant inquiry is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," recognizing the jury's role to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). Although "mere speculation and conjecture" are insufficient to support a conviction, we do not "re-weigh" the trial evidence after the fact-finder reached a decision. *See Commonwealth v. Duncan*, 314 A.3d 556, 565 (Pa. Super. 2024) (citation omitted).

Notably, "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses." *Commonwealth v. Charlton*,

902 A.2d 554, 562 (Pa. Super. 2006) (quoting **Commonwealth v. Davis**, 650 A.2d 452, 455 (Pa. Super. 1994)); **accord** 18 Pa.C.S. § 3106 (providing that in a prosecution under Chapter 31 of the Crimes Code, "[t]he testimony of a complainant need not be corroborated"). Likewise, physical evidence is not required for the Commonwealth to sustain its burden to prove a sexual offense. **Commonwealth v. Diaz**, 152 A.3d 1040, 1047 (Pa. Super. 2016) (rejecting a sufficiency claim that a victim's allegations were "uncorroborated by other physical evidence and . . . inconsistent").

By statute, a person commits indecent assault as charged in this case if he "has indecent contact with the complainant" either without the consent of the complainant or by forcible compulsion. 18 Pa.C.S. § 3126(a)(1), (2). Indecent contact is "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101 (Definitions). The "sexual or other intimate parts" includes both the "sexual body parts" and "a body part that is personal and private, and which the person ordinarily allows to be touched only by people with whom the person has a close personal relationship, and one which is commonly associated with sexual relations or intimacy." **Commonwealth v. Gamby**, 283 A.3d 298, 313–14 (Pa. 2022).

Under this definition, a person's neck is an intimate part of the body. **Id.** at 314. Thus, a person has indecent contact if he kisses another person's neck to arouse or gratify sexual desire. **Id.** at 318. The same is true for a

person who touches a woman's breasts to arouse or gratify sexual desire. *Commonwealth v. Richter*, 676 A.2d 1232, 1236 (Pa. Super. 1996).

Here, the evidence presented at trial belies Tepo-Martinez's arguments. The jury was free to believe Aumick's consistent testimony about Tepo-Martinez's actions, including pulling her into the office, trying to kiss her neck, and starting to touch her breast with his hand. This was sufficient to establish "indecent contact." Although physical evidence is not required to supplement her account, the photographs taken of Aumick show marks on her hands, neck, and chest consistent with where she said Tepo-Martinez contacted her. And though corroboration is not required, none of the other testimony contradicted Aumick's narrative. A thorough review of the evidence confirms that a rational jury could find the evidence sufficient to establish the elements of indecent assault beyond a reasonable doubt. Tepo-Martinez's arguments fail.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025